UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STACY FOSTER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COMMONWEALTH OF MASSACHUSETTS, et al., <br><br> Defendants. | C.A. No. 1:18-CV-10354 - ⅠＴ |

## PROTECTIVE ORDER

Plaintiffs Stacy Foster, Jamie Kimball, Jonathan Riley and Nicole Westcott ("Plaintiffs")

and defendants Commonwealth of Massachusetts, Office of the Governor, Office of the State

Treasurer and Receiver, Trial Court, Massachusetts Probation Service, Office of the Attorney

General, Massachusetts State Police, Executive Office of Public Safety and Security, Berkshire

County District Attorney's Office, Bristol County District Attorney's Office, Essex County

District Attorney's Office, Hampden County District Attorney's Office, Middlesex County

District Attorney's Office, Norfolk County District Attorney's Office, Northwestern District

Attorney's Office, Plymouth County District Attorney's Office, Suffolk County District

Attorney's Office, the Cape and Islands District Attorney's Office, and Worcester County

District Attorney's Office, Charlie Baker, Jonathan S. Williams, Edward Dolan, Maura Healey,

Kerry Gilpin, Daniel Bennett, Jonathan Blodgett, Dan Conley, Timothy J. Cruz, Michael

Morrissey, Michael D. O'Keefe, Thomas M. Quinn III, Marian T. Ryan, Paul J. Caccaviello,

Anthony Gulluni, David E. Sullivan, and Joseph D. Early, Jr. ("Defendants"), by and through

their undersigned counsel, hereby stipulate and agree to the request for, and entry of, the following Protective Order:

1.      It is the present intention of the parties that the provisions of this Protective Order shall govern preliminary attempts at a negotiated resolution of certain of Plaintiffs' claims in this action. To the extent that this action proceeds to further litigation in this forum, the parties shall address the Court at a later date on appropriate procedures for discovery, trial and other public proceedings. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Protective Order for good cause by application to the Court on notice to the other party hereto.

**Authorized Disclosure of "Confidential Information"**

2.      "Confidential Information" shall include the following:

      a.   "Personal Data," which is any information concerning an individual which, because of name, identifying number, mark or description can be readily associated with a particular individual (*see* M.G.L. 66A, § 1), provided, however, that such information is not contained in a public record, as defined in M.G.L. c. 4, § 7(26), and shall not include intelligence information, evaluative information or criminal offender record information as defined in M.G.L. c. 6, § 167;

      b.   "CORI," which shall mean criminal offender record information as defined in M.G.L. c. 6, § 167; and

      c.   Sensitive or private information of any nature, including but not limited to criminal background information, criminal investigation information, security information or information that could pose a security risk, personal information as defined in M.G.L. c. 93H, § 1, financial information, medical information, mental health information, or commercial information.

3.      After balancing the parties' compelling need for documents containing Personal Data in this action involving alleged violations of the Due Process Clause by the Defendants against the potential injury caused by the disclosure of such Personal Data in this matter, this Court finds that the non-disclosure provision of the Massachusetts Fair Information Practices Act, M.G.L. c. 66A, § 2(c), must give way to the compelling interest in this case in facilitating a

negotiated resolution. The Court orders that Defendants may provide Plaintiffs with material containing Personal Data and other personal information of the putative class members not contained in a public record, only to the extent necessary to identify fees, fines, exactions and payments that are associated with or could lawfully have been imposed upon and as a consequence of Massachusetts criminal dispositions and related proceedings of the putative class members, upon the designation of such material as "ATTORNEYS' EYES ONLY" as set forth in Paragraph 14 herein. The Court finds that the purposes of the notice provisions in M.G.L. c. 66A, § 2(k) cannot be served in these circumstances and accordingly that Defendants shall provide the data without giving such notice to the data subjects whose Personal Data will be provided to Plaintiffs.

4.      The Court orders that criminal justice agencies, as defined in the CORI law, M.G.L. c. 6, § 167, other Massachusetts state agencies, the Trial Court of the Commonwealth of Massachusetts (including the Massachusetts Probation Service), and the Office of the Attorney General may release to the Parties CORI concerning the Massachusetts criminal dispositions and related proceedings of the putative class members, only to the extent necessary to identify fees, fines, exactions and payments that are associated with or could lawfully have been imposed upon and as a consequence of such dispositions, upon the designation of such material as "ATTORNEYS' EYES ONLY" as set forth in Paragraph 14 herein.

5.      Nothing in this Protective Order is intended to, nor shall, in any way, alter the obligations or privileges of holders of information subject to any protection from disclosure under any state or federal statute, regulation, or common law in any future action, investigation, or matter. This Protective Order is entered solely for the purposes of this action.

6.      Other than as allowed in this Protective Order, any CORI of a putative class member obtained by the Parties pursuant to this Order remains subject to the disclosure restrictions of the CORI law and, to the extent of those restrictions, is within exemption (a) of the public records law, M.G.L. c. 4, § 7, cl. 26(a).

7.      All documents, materials, items, and/or information that contain or comprise Confidential Information disclosed during the course of this action either by a party or by a nonparty shall be governed by this Protective Order.

**Designation of Information or Material as Confidential Information**

8.      The parties will use reasonable efforts to minimize the amount of Confidential Information disclosed in this action.

9.      The term "Designated Material," as used in this Protective Order, shall refer to any materials, whether in hard copy or electronic form, disclosed by one or more of the Parties in the course of this action that, in the good-faith judgment of such Parties, contain Confidential Information and have been marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in writing by counsel, either at the time of or after their disclosure.

10.     The designation of material as having Confidential Information for purposes of this Protective Order shall be made by the party or nonparty seeking protection by affixing the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each page of any document containing any Confidential Information at the time such materials are disclosed, or as soon thereafter as the party or nonparty seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder.

4

**Use of Designated Material**

11.     Should information or material be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the Parties shall treat all portions, sections, and parts of the document, all information contained therein, and all information derived therefrom, as subject to the provisions of this Protective Order. The inadvertent failure to designate material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not be deemed or construed as a waiver of confidentiality.

12.     Material designated as "CONFIDENTIAL," the information contained therein, or information derived therefrom, shall not be disclosed, without the express written consent of the disclosing party, to any person other than counsel of record for the Parties except that such material may be released to:

> a.  persons regularly employed or otherwise associated with the law firms or legal offices of such attorneys;
>
> b.  consultants retained by the Parties in connection with this matter, to the extent such disclosure is necessary for the consultant to assist in the litigation and/or negotiated resolution of this action;
>
> c.  any attorney(s) consulted by the Parties' attorneys for second opinions on matters related to the litigation and/or negotiated resolution of this action;
>
> d.  Stacy Foster, Jamie Kimball, Jonathan Riley, and Nicole Westcott;
>
> e.  the Office of the Governor, Office of the State Treasurer and Receiver, Massachusetts Trial Court, Massachusetts Probation Service, Office of the Attorney General of Massachusetts, Massachusetts State Police, Executive Office of Public Safety and Security, Berkshire County District Attorney's Office, Bristol County District Attorney's Office, Essex County District Attorney's Office, Hampden County District Attorney's Office, Middlesex County District Attorney's Office, Norfolk County District Attorney's Office, Northwestern District Attorney's Office, Plymouth County District Attorney's Office, Suffolk County District Attorney's Office, the Cape and Islands District Attorney's Office, Worcester County District Attorney's Office, and Executive Office of Administration and Finance;

5

f.  members of the counsels' offices for the Office of the Governor, Office of the State Treasurer and Receiver, Massachusetts Trial Court, Massachusetts Probation Service, Office of the Attorney General of Massachusetts, Massachusetts State Police, Executive Office of Public Safety and Security, Berkshire County District Attorney's Office, Bristol County District Attorney's Office, Essex County District Attorney's Office, Hampden County District Attorney's Office, Middlesex County District Attorney's Office, Norfolk County District Attorney's Office, Northwestern District Attorney's Office, Plymouth County District Attorney's Office, Suffolk County District Attorney's Office, the Cape and Islands District Attorney's Office, Worcester County District Attorney's Office, and Executive Office of Administration and Finance;

g.  This Court and its staff;

h.  Court reporters and their necessary stenographic, videographic, and clerical personnel employed in connection with this action; and

i.  the author, recipient, or person with personal knowledge of such information or material.

13.  The persons listed in Paragraph 12 are prohibited from disclosing Designated Material designated as "CONFIDENTIAL," the information contained therein, or information derived therefrom to anyone not listed in Paragraph 12. A party proposing to disclose Designated Material designated as "CONFIDENTIAL," the information contained therein, or information derived therefrom to an individual or organization listed in Paragraph 12 shall assure that such individual or organization complies with Paragraph 12.

14.  Material designated as "ATTORNEYS' EYES ONLY," the information contained therein, or information derived therefrom, shall not be disclosed, without the express written consent of the disclosing party, to any person other than counsel of record for the Parties except that such material may be released to:

a.  persons regularly employed or otherwise associated with the law firms or legal offices of such counsel of record;

6

    b.  consultants retained by the Parties in connection with this matter, to the extent such disclosure is necessary for the consultant to assist in the litigation and/or negotiated resolution of this action;

    c.  any attorney(s) consulted by the Parties' attorneys for second opinions on matters related to assisting the Parties in the litigation and/or negotiated resolution of this action;

    d.  members of the counsels' offices for the Office of the Governor, Office of the State Treasurer and Receiver, Massachusetts Trial Court, Massachusetts Probation Service, Office of the Attorney General of Massachusetts, Massachusetts State Police, Executive Office of Public Safety and Security, Berkshire County District Attorney's Office, Bristol County District Attorney's Office, Essex County District Attorney's Office, Hampden County District Attorney's Office, Middlesex County District Attorney's Office, Norfolk County District Attorney's Office, Northwestern District Attorney's Office, Plymouth County District Attorney's Office, Suffolk County District Attorney's Office, the Cape and Islands District Attorney's Office, Worcester County District Attorney's Office, and Executive Office of Administration and Finance;

    e.  this Court and its staff;

    f.  Court reporters and their necessary stenographic, videographic, and clerical personnel employed in connection with this action; and

    g.  the author, recipient, or person with personal knowledge of such information or material.

15.    The persons listed in Paragraph 14 are prohibited from disclosing Designated Material designated as "ATTORNEYS' EYES ONLY," the information contained therein, or information derived therefrom to anyone not listed in Paragraph 14. A party proposing to disclose Designated Material designated as "ATTORNEYS' EYES ONLY," the information contained therein, or information derived therefrom to an individual or organization listed in Paragraph 14 shall assure that such individual or organization complies with Paragraph 14.

16.    Designated Material is to be used solely as necessary for the litigation and/or negotiated resolution of this action or as necessary for counsel to properly advise their clients in connection with this action.

17.     Absent a specific order by this Court, once designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," such Designated Material shall be used by the parties solely in connection with this action, and not for any other purpose or function, and such information shall not be disclosed to anyone except as provided herein.

18.     For purposes of Paragraphs 12(b) and 14(b), a consultant shall be defined as a person who is neither an employee of a party or of an attorney for a party, nor is anticipated to become such an employee in the near future, and who is retained or employed as a bona fide consultant or expert for purposes of the litigation and/or negotiated resolution of this action, whether full- or part-time, by or at the direction of counsel for a party.

19.     All persons listed in Paragraphs 12(b), 12(c), 14(b), and 14(c) above may be given access to information or material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A, which is to be retained by counsel until the completion of the action. For an organization, the statement shall also be signed by a person authorized to bind the organization.

20.     This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information, or material obtained lawfully by such party independently of any proceedings in this action, or which:

      a.  was already known to such party by lawful means prior to acquisition from, or disclosure by, the other party in this action;

      b.  was independently developed by the party;

    c.  is available to the public at the time of production including any material meeting the definition of a "public record" under M.G.L. c. 4, § 7(26);

    d.  is or becomes publicly known through no fault or act of such party; or

    e.  is rightfully received by such party from a third party that has authority to provide such information or material and without restriction as to disclosure.

**Filing Designated Material**

21.    Designated Material filed with the Court shall be delivered sealed to the Clerk of the Court and shall not be available for public inspection.  Filings containing Designated Material shall be filed in sealed envelopes marked with the case name and number of this action, the title of the paper which contains the Designated Material, and a statement substantially in the following form:  CONFIDENTIAL UNDER PROTECTIVE ORDER.  THIS DOCUMENT IS SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE COURT. THIS ENVELOPE IS NOT TO BE OPENED NOR ARE THE CONTENTS TO BE EXAMINED, DISPLAYED, REVEALED, OR COPIED EXCEPT IN COMPLIANCE WITH THE PROTECTIVE ORDER.

22.    Any party is authorized under Local Rule 7.2 to file under seal with the Court any materials that are Designated Material under this Protective Order.

**Challenging the "Confidential" or "Attorneys' Eyes Only" Designation**

23.    A party may challenge the designation of information or materials disclosed herein as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by serving a written objection upon the disclosing party. The disclosing party shall notify the challenging party in writing of the bases for the asserted designation within ten (10) days after receiving any written objection. The parties shall confer in good faith as to the validity of the designation within five (5) days after the challenging party has received the notice of the bases for the asserted designation. To the extent the parties are unable to reach an agreement as to the designation, the objecting party

may make an appropriate application to this Court within fifteen (15) days after conferring with the disclosing party, with confidential portions thereof to be kept under seal, requesting that specifically identified documents or information be excluded from the provisions of this Protective Order. Failure to make an application within this period shall constitute a waiver of the objection. Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

### Inadvertent Disclosure of Confidential Information

24.     If a party becomes aware of the inadvertent disclosure of Confidential Information without a designation of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the information must be treated as if it had been timely designated as having Confidential Information under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraphs 12 and 14 above, as well as any copies made by such persons.

### Final Disposition of the Case

25.     The provisions of this Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom. Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this action, including any appeals therefrom, all persons having received Designated Material shall return such material and all copies thereof (including summaries and excerpts) to counsel for the producing party or destroy all such material, subject to its obligations, if any, under the

10

Massachusetts Public Records Law, and shall certify in writing that all such information or material has been returned or destroyed. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph.

**Miscellaneous**

26.     All counsel for the parties who have access to Designated Material and Confidential Information under this Protective Order acknowledge such counsel and parties are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

27.     Entering into, agreeing to, and/or producing or receiving Confidential Information or Designated Material or otherwise complying with the terms of this Protective Order shall not:

a.   operate as an admission by any party that any particular Designated Material contains or reflects Confidential Information;

b.   operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be Confidential Information;

c.   prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

d.   prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

e.   prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

f.   prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

g.   prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

28.     Unless the Court orders otherwise, in the event that any Designated Material is used in any court proceeding in this action or any appeal therefrom, such information or material shall not lose its status as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" through such use.

29.     If any party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking information or material which was produced or designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by someone other than that party, the party: (i) shall give prompt actual written notice, either by hand, electronic mail, or facsimile transmission, within ten (10) days of receipt of such subpoena, demand or legal process, to those entities who produced or designated the information or material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"; and (ii) shall object to its production to the extent permitted by law.  Should the person seeking access to the information or material take action against the party or anyone else covered by this Protective Order to enforce such a subpoena, demand, or other legal process, the party shall respond by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

30.     The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties, and any violation of its terms shall be addressed as if the Protective Order had been entered by the Court.

3/13/2019

12

So ordered:

Indira Talwani

United States District Judge

# **Attachment A**

The undersigned hereby acknowledges that (s)he has read the Protective Order entered by the Court on March __, 2019 in the action titled *Stacy Foster et al. v. Commonwealth et al.*, No. 18-CV-10354 (D. Mass.).  The undersigned agrees not to use the Designated Documents or Confidential Information described in the Protective Order for any purpose other than in connection with *Stacy Foster et al. v. Commonwealth et al.*, No. 1:09-CV-11623 (D. Mass.) and agrees to be bound by the terms and conditions of said Protective Order unless and until modified by order of the Court in that case.

Printed Name      _____

Signature      _____

Dated:      _____