UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STACY FOSTER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COMMONWEALTH OF MASSACHUSETTS, et al., <br><br> Defendants. | No. 18-cv-10354-IT |

**JOINT STATUS REPORT REGARDING PROCEEDINGS IN STATE COURT**

Pursuant to this Court's order dated April 28, 2022 [D.E. 73], Plaintiffs Stacy Foster, Jamie Kimball, Jonathan Riley, and Nicole Westcott and the Defendants ("Commonwealth") hereby submit this joint status report regarding proceedings in *Foster et al. v. Commonwealth*, No. 1984CV03373 (Suffolk Super. Ct. filed Oct. 29, 2019). The Superior Court has issued preliminary approval of the proposed settlement and scheduled a fairness hearing for October 6, 2022, at which the Superior Court will consider whether to grant final approval of the settlement.

1. On January 14, 2022, the parties filed a joint motion to extend the stay of this action, as well as a proposed schedule for litigating the federal constitutional claims relating to forfeiture that will remain once the state court matter is resolved. [D.E. 66]

2. On January 18, 2022, this Court found good cause for extending the stay "until 30 days after the Superior Court approves the parties anticipated Settlement Agreement in Stacy *Foster et al. v. Commonwealth*, 1984CV03373." [D.E. 67] This Court also ordered the parties to a joint status report regarding proceedings in the state court no later than February 28, 2022. *Id.*

3.  On March 22, 2022, the Suffolk County Superior Court extended the stay in the state court action to April 5, 2022.

4.  On February 28, 2022 and March 28, 2022, the parties reported that they had reached an agreement on the state court claims of class members and were conducting negotiations concerning reasonable attorneys' fees pursuant to 42 U.S.C. §§ 1983, 1988. [D.E. 68, 70]

5.  On April 28, 2022, the parties reported that they had reached agreement on all material terms of a settlement and were working to finalize the proposed settlement agreement and attachments to submit for approval in the state court action. [D.E. 72]

6.  On April 29, 2022, this Court ordered the parties to file a joint status report regarding proceedings in the state court no later than June 28, 2022. [D.E. 73]

7.  On June 1, 2022, in the state court action, the parties filed a joint motion for preliminary approval of their proposed settlement.

8.  On June 6, 2022, the Suffolk County Superior Court granted the parties' motion for preliminary approval and scheduled a fairness hearing for October 6, 2022, at which the Court will consider whether to grant final approval of the settlement. *See* Ex. 1, Preliminary Approval Order (June 6, 2022).

Based on the foregoing, the parties respectfully request the opportunity to provide this Court with a further status report regarding proceedings in state court no later than October 28, 2022, unless the Suffolk County Superior Court grants final approval of the settlement before that date, in which case the parties will report the approval of the settlement to this Court and propose a briefing schedule on the remaining claims in this action.

Respectfully submitted,

| Plaintiffs | Defendants |
|---|---|
| STACY FOSTER, JAMIE KIMBALL, JONATHAN RILEY, and NICOLE WESTCOTT,<br><br>By their Attorneys<br><br>/s/ Luke Ryan<br>DANIEL N. MARX, BBO# 674523<br>WILLIAM W. FICK, BBO# 650562<br>Fick & Marx LLP<br>24 Federal Street, 4th Fl.<br>Boston, MA 02110<br>(857) 321-8360<br>dmarx@fickmarx.com<br>wfick@fickmarx.com<br><br>LUKE RYAN, BBO# 664999<br>Sasson, Turnbull, Ryan & Hoose<br>100 Main Street, Third Floor<br>Northampton, MA 01060<br>(413) 586-4800<br>lryan@strhlaw.com<br><br>June 28, 2022 | COMMONWEALTH OF MASSACHUSETTS; CHARLIE BAKER, Governor; DEBORAH B. GOLDBERG, Treasurer; JONATHAN S. WILLIAMS, Administrator of the Trial Court; EDWARD DOLAN, Commissioner of Probation; MAURA HEALEY, Attorney General; KERRY GILPIN, Massachusetts State Police Superintendent; DANIEL BENNETT, Secretary of the Executive Office of Public Safety and Security; JONATHAN BLODGETT, Essex County District Attorney; DAN CONLEY, Suffolk County District Attorney; TIMOTHY J. CRUZ, Plymouth County District Attorney; MICHAEL MORRISSEY, Norfolk County District Attorney; MICHAEL D. O'KEEFE, Cape and Islands District Attorney; THOMAS M. QUINN III, Bristol County District Attorney; MARIAN T. RYAN, Middlesex County District Attorney; PAUL J. CACCAVIELLO, Berkshire County District Attorney; ANTHONY GULLUNI, Hampden County District Attorney; DAVID E. SULLIVAN, Northwestern District Attorney; and JOSEPH D. EARLY, JR., Worcester County District Attorney,<br><br>By their Attorneys<br>MAURA HEALEY<br>ATTORNEY GENERAL<br><br>/s/ Katherine B. Dirks<br>Anne Sterman, BBO# 650426<br>Katherine B. Dirks, BBO# 673674<br>Assistant Attorneys General<br>Government Bureau/Trial Division<br>One Ashburton Place, Room 1813<br>Boston, MA  02108<br>(617) 963-2524 (Sterman)<br>(617) 963-2277 (Dirks)<br>anne.sterman@mass.gov<br>katherine.dirks@mass.gov<br><br>June 28, 2022 |

## **CERTIFICATE OF SERVICE**

I, Katherine B. Dirks, hereby certify that I have this day, June 28, 2022, served the foregoing document upon all parties of record, by electronically filing to all ECF-registered parties and by sending a copy, first-class mail, postage prepaid to all unregistered parties.

/s/ Katherine B. Dirks
Katherine B. Dirks

# EXHIBIT 1

Date Filed 6/1/2022 3:50 PM
Superior Court - Suffolk
Docket Number 1984CV03373

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                    SUPERIOR COURT
                                                                NO. 1984CV03373C

STACY FOSTER, JAMIE KIMBALL, JONATHAN
RILEY, and NICOLE WESTCOTT, *on behalf of*
*themselves and all others similarly situated*,

    Plaintiffs,

    v.

COMMONWEALTH OF MASSACHUSETTS,

    Defendant.

*NOTICE SENT (3)*
*06.28.22*

## [PROPOSED] PRELIMINARY APPROVAL ORDER

The Court, having reviewed the Joint Motion for Entry of Preliminary Approval of the Settlement of this Action, as well as the Stipulation and Settlement Agreement dated June 1, 2022, (the "Settlement Agreement") between Plaintiffs Stacy Foster, Jamie Kimball, Jonathan Riley, and Nicole Westcott, individually and on behalf of the Settlement Class ("Plaintiffs"), and Defendant Commonwealth of Massachusetts ("Defendant" or "the Commonwealth"), and good cause appearing therefore, IT IS HEREBY ORDERED AS FOLLOWS:

1. For purposes of this Order, the Court adopts all the defined terms that are used in the Settlement Agreement and incorporates those terms by reference in this Order.

2. The Court preliminarily approves the Settlement of this Action that is set forth in the Settlement Agreement. Subject to any further submissions that may be made at or prior to the Final Approval Hearing described below, the Court finds that the Settlement is fair, just, reasonable, and adequate to the certified Classes and its members.

3. The Court hereby approves the form of Notice attached hereto as Exhibit A. The Court finds that the Notice is reasonably and practicably calculated to apprise the Settlement Class of the proposed Settlement, and their rights and obligations thereunder, including, *inter alia*, their rights to object to the Settlement and to attend the Final Approval Hearing.

4. The Court approves the plan of notice set forth in Paragraphs 10.1 and 10.2 of the Settlement Agreement as appropriate and as reasonably and practicably calculated to apprise the Settlement Class of the proposed Settlement, and their rights and obligations thereunder, including, *inter alia*, their rights to object to the Settlement and to attend the Final Approval Hearing.

5. No later than fourteen days after receipt of this Order, the Commonwealth shall provide Class Counsel and the Settlement Administrator (when selected) with the names and available identifying information of all members of the Class identified to date.

6. The Settlement Administrator shall implement the plan of Notice in accordance with Paragraphs 10.1 and 10.2 of the Settlement Agreement. The Court finds that dissemination of the Notice and plan of Notice described in Paragraphs 10.1 and 10.2 of the Settlement Agreement constitutes the best notice practicable, and that it is reasonably calculated, under all the circumstances, to apprise Class Members of the terms of the Settlement and afford them an opportunity to present objections, or otherwise avail themselves of their rights under the Settlement.

7. The Court further finds that the plan of Notice meets the requirements of the Massachusetts Rules of Civil Procedure and the requirements of Due Process of the Constitutions of the United States and the Commonwealth of Massachusetts, as well as

any other applicable law and that such Notice constitutes due and sufficient notice to all persons entitled thereto.

8. No later than five (5) days before the Final Approval Hearing described below, Class Counsel shall file an affidavit or declaration from the Settlement Administrator attesting to compliance with and completion of the plan of Notice set forth in the Settlement Agreement.

9. The Final Approval Hearing shall be held at 2 P m. on 10/6, 2022, in Courtroom 313, Suffolk Superior Court, 3 Pemberton Square, Boston, Massachusetts, to determine whether the proposed Settlement of the Action, as set forth in the Settlement Agreement, should be approved as fair, reasonable and adequate to Class members, and whether the Final Order and Judgment approving the Settlement should be entered. At the Final Approval Hearing, the Court also will determine any timely objections to the Settlement Agreement and all responses to said objections by the Parties.

10. Twenty-one (21) days after the Notice is mailed to the Class, Plaintiffs shall file with the Court and serve on Defense Counsel, their motion for final approval of the Settlement and any supporting materials.

11. Any Class Member wishing to object to the approval of this Settlement Agreement shall inform the Court and the Parties in writing of their objection by following the procedures and objection deadlines set forth in the Notice. Any Class member who fails to object to the Settlement in the manner described in the Notice shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement, and shall be foreclosed from seeking any review of

3

the Settlement by appeal or other means. As set forth in the Notice, any and all objections must be submitted no later than thirty-five (35) days after Notice is mailed to the Class and be sent to Class Counsel, Defense Counsel and the Court. Any Party may file a response to any objection no later than five (5) days prior to the Final Approval Hearing.

12. The Court hereby directs the Parties, Class Counsel and Defense Counsel to proceed in accordance with the terms of the Settlement Agreement, and hereby authorizes them to take all acts reasonably necessary to implement this Preliminary Approval Order.

13. The Court may, for good cause, change the date of the Final Approval Hearing or extend any of the deadlines set forth in this Order without further notice to Class Members.

IT IS HEREBY ORDERED.

Dated: June 6, 2022

_____
Justice of the Superior Court